HENRY D. SMITH *vs.* INHABITANTS OF CHESHIRE.

Orders for money, made payable to bearer, drawn by the selectmen of a town and accepted by the town treasurer, without express authority of the town, will not render the town liable to an action in the name of any one other than the person to whom tney were issued.

ACTION OF CONTRACT by the plaintiff as bearer of several simlar orders, of one of which this is a copy :

" $10.00. To H. P. Brown, treasurer of the town of Cheshire. Pay Riley Westcott or bearer ten dollars, and this shall answer you in settlement with the town. Cheshire, December 22d 1855.

Thomas B. Brown, ) Selectmen
Ward B. Wood, ) of Cheshire.

" Accepted February 23d 1856. H. P. Brown, treasurer."

At the trial in the court of common pleas, the plaintiff gave in evidence the orders declared on; and the parties agreed that the orders were signed by the selectmen of Cheshire and accepted by the town treasurer, and were delivered to the payees by John W. Howland, who was at that time a collector of taxes of the town, and indebted to the town in a sum of money much greater than the amount of these orders, and who, before this action was brought, had been sued upon his bond for the whole amount due from him to the town.

The defendants objected to the maintenance of the action, because there was no proof that any authority to draw and accept these orders had been conferred on their selectmen and treasurer; and because those officers were not authorized by law to make and accept such orders. *Briggs,* J. overruled the objection, the jury returned a verdict for the plaintiff, and the defendants alleged exceptions.

*J. T. Robinson,* for the defendants.

*J. C. Wolcott,* for the plaintiff.

BIGELOW, J.   It is quite common for selectmen of towns to draw orders like those set out in the declaration, payable to order or bearer.   This is a convenient practice, and one to which we see no objection.   Such orders operate as an authority to the treasurer to pay and the holder to receive the amount for which they are drawn.   But the right of the plaintiff to sustain this action depends, not on the form in which the orders are drawn, but on the question whether the orders declared on are negotiable, so that a suit may be maintained on them by an indorsee, or other person, not the payee, who is the holder of them for value.   The decision of this question depends on another, which is, whether the selectmen of a town in this commonwealth have power, by virtue of their office, without any special authority from the town, to issue to persons having claims on the town negotiable notes, bills of exchange or orders on which a town can be held liable to indorsers or holders other than those to whom they were originally issued.

The powers and duties of selectmen are not very fully defined by statute.   Many of the acts usually performed by them in behalf of towns, and which are recognized as within their appropriate sphere, have their origin and foundation in long continued usage.   The management of the prudential affairs of towns necessarily requires the exercise of a large discretion, and it would be quite impossible by positive enactment to place definite limits to the powers and duties of selectmen to whom the direction and control of such affairs are entrusted.   Speaking generally, it may be said that they are agents to take the general superintendence of the business of a town; to supervise the doings of subordinate agents, and the disbursement of moneys appropriated by vote of the town, to take care of its property and perform other similar duties.   But they are not general agents.   They are not clothed with the general powers of the corporate body for which they act.   They can only exercise such powers and perform such duties as are necessarily and properly incident to the special and limited authority conferred on them

by their office. They are special agents, empowered to do only such acts as are required to meet the exigencies of ordinary town business.

This view of the extent of authority of selectmen as agents of the town is decisive of the question on which this case turns. The rule of law is well settled, that a special agent has no authority to bind his principal by a promissory note, bill of exchange or other negotiable paper. Such power can be conferred only by the direct authority of the party to be bound. To this rule there is but the single exception that such authority may be implied where it is essential to the performance of the particular duty with which an agent is specially charged. The policy of the law regulating the relation of principal and agent is to restrain the power of the latter to bind the former by negotiable paper. The reason is that the unrestricted exercise of such a power changes and enlarges the liability of the principal beyond that which he would incur under a contract which could be enforced only in the name of the party with whom it is made. Therefore it has been held that an agent who has authority to pay the debts of his principal, to disburse his moneys, to settle with his creditors, or even to bind him by a contract or agreement to pay money, is not authorized to sign negotiable paper by which his principal will be bound. *Taber* v. *Cannon*, 8 Met. 458. *Paige* v. *Stone*, 10 Met. 168.

This well established restriction on the power and authority of agents is particularly applicable to public agents, especially to those acting in behalf of towns. It would lead to dangerous results, if selectmen might at their pleasure issue negotiable paper on which the town might be held liable to any person to whom it might be passed. It would enable them to pay creditors of the town by notes to an amount not restricted by the votes or appropriations regularly made for municipal purposes. The town would be liable to indorsees on such notes without any power to inquire into the considerations between them and their original creditor, or to avail themselves of any payment, set-off or other equity which they might otherwise rely on in defence to the claim.

The nature and extent of the liability of the town on these orders is not enlarged by the acceptance of the treasurer. His authority as an agent of the town is limited to the receipt and payment of money, and does not include any power to enter into contracts binding on the town.

In the present case, the orders declared on purport to be issued by the selectmen, and accepted by the treasurer, as agents for the town. The plaintiff took them therefore with full notice of their origin and character. If he is the *bona fide* holder of them, his remedy to enforce them is by an action in the name of the person to whom they were issued, as in the ordinary case of a suit by the assignee of a chose in action.

*Exceptions sustained.*